IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DAVEY GREEN, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-37 |
| v. | |
| PIERCE COUNTY; CHARLIE WICHMAN; GREGORY NETTLES; KATHY GRIFFIN; AND JUDGE LISA G. WOOD, | |
| Defendants. | |

**O R D E R**

The Court **DENIES** Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Doc. 39.) The United States Court of Appeals for the Eleventh Circuit has dismissed Plaintiff's interlocutory appeal. (See doc. 41.) Thus, his motion to proceed *in forma pauperis* on appeal is moot. Further, an appeal may not be taken *in forma pauperis* if the trial court certifies that such appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859 (11th Cir. 2008). Plaintiff has not presented any nonfrivolous grounds for appeal, and, as such, his appeal is not taken in good faith.

The Court also **DENIES** Plaintiff's Motion for Attorney. (Doc. 37.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil

case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993)). The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel.

Next, the Court **DENIES** Plaintiff's Motion for New Trial Based on Newly Discovered Evidence. (Doc. 34.) Plaintiff cites Federal Rule of Criminal Procedure 33 in support of this Motion. (Id.) That Rule does not apply to this civil case. Moreover, the relief Plaintiff seeks is not available through this civil case.

Lastly, Defendants moved to dismiss Plaintiff's claims months ago, and Plaintiff has not responded. (Docs. 14, 17, 22, 23.) While Plaintiff has filed some pleadings since that time—including one which the Clerk of Court docketed as a response to Defendant Nettles' Motion to Dismiss, (see doc. 20), none of these pleadings respond to the arguments raised in Defendants' Motions. A motion to dismiss is dispositive in nature, meaning that granting a motion to dismiss could result in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motions to Dismiss without providing Plaintiff an opportunity to respond or advising Plaintiff of the consequences for failing to respond.[1]

---

[1] Granting a motion to dismiss without affording a plaintiff either notice or an opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011); see also Neitzke v. Williams, 490 U.S. 319, 329–30 (1989) (A notice of a motion to dismiss "alert[s plaintiff] to the legal theory

2

Accordingly, the Court **ORDERS** Plaintiff to file a response either opposing or indicating his lack of opposition to Defendants' Motions to Dismiss within **TWENTY-ONE (21) DAYS** of the date of this Order.  To ensure that Plaintiff's response is made with fair notice of the Federal Rules of Civil Procedure regarding motions to dismiss, and motions to dismiss for failure to state a claim, the Court **DIRECTS** the Clerk of Court to provide a copy of Federal Rules of Civil Procedure 12 and 41, as well as courtesy copies of Defendants' Motions, (docs. 14, 17, 22, 23), when serving this Order.  If Plaintiff fails to file a timely response, the Court will presume that Plaintiff does not oppose the Motions and may dismiss individual claims or the entire action.  See Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion."). Additionally, Plaintiff is forewarned that he must address the arguments raised in the Defendant's Motions in his Response, and he should not include extraneous materials.  If he fails to specifically address an argument for dismissal, the Court will presume that he has no opposition to that argument.  Additionally, his failure to address the substance of the Defendants' arguments, will be a failure to prosecute and a failure to follow this Court's Order which would warrant dismissal of Plaintiff's claims.

**SO ORDERED**, this 7th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

underlying the defendant's challenge" and enables him to meaningfully respond "by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations [in an amended complaint] so as to conform with the requirements of a valid legal cause of action.").