IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVEY GREEN,

    Plaintiff,

v.

PIERCE COUNTY; CHARLIE WICHMAN;
GREGORY NETTLES; KATHY GRIFFIN;
AND JUDGE LISA G. WOOD,

    Defendants.

CIVIL ACTION NO.: 5:24-cv-037

**O R D E R**

Plaintiff has not responded to Defendants' Motions to Dismiss, filed months ago, even after the Court ordered him to do so and warned him that his failure to respond would result in dismissal of this lawsuit, (doc. 42, pp. 2–3). Given Plaintiff's failure to respond to the Motions to Dismiss, his failure to prosecute this case, and his disregard of this Court's instructions, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of Court shall terminate all pending motions and **CLOSE** this case.

BACKGROUND

On July 7, 2025, the Court noted that Plaintiff failed to respond to Defendants' Motions to Dismiss, (docs. 14, 17, 22, 23), which had been filed months ago. (Doc. 42, pp. 2–3.) The Court ordered Plaintiff to file a response to those Motions within twenty-one days. (Id. at p. 3.) The Court also provided Plaintiff with a copy of Federal Rules of Civil Procedure 12 and 41, as well as courtesy copies of Defendants' Motions. (Id.) The Court forewarned Plaintiff that if he "fails to file a timely response, the Court will presume that Plaintiff does not oppose the Motions and

may dismiss individual claims or the entire action." (Id.) The Court also explained that "his failure to address the substance of the Defendants' arguments, will be a failure to prosecute and a failure to follow this Court's Order which would warrant dismissal of Plaintiff's claims." (Id.) More than twenty-one days have passed since that Order, and Plaintiff has not filed a response or taken any other action.

## DISCUSSION

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. L.R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Even so, here, the Court advised Plaintiff of the potential consequences of his failure to comply with this Court's orders and failure to prosecute this case.

2

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. Months have passed since Defendants moved to dismiss, and more than twenty-one days have passed since the Court's latest directive. Plaintiff has neglected to take any action in response to the Court's Order and the directives contained in it. The Court forewarned Plaintiff that his failure to respond would result in dismissal, and the Court must now fulfill that warning.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and failure to follow this Court's Order. The Clerk of Court shall terminate all pending motions, **ENTER** the appropriate judgment of dismissal, and **CLOSE** this case.

**SO ORDERED**, this 30th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA